UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 17-cr-107-16 (DWF/TNL)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THOUCHARIN RUTTANAMONGKONGUL,
a/k/a Ann,
a/k/a Noiy,

    Defendant.

**RESPONSE IN OPPOSITION TO MOTION TO RECONSIDER DETENTION ORDER**

The United States of America, by and through its attorneys, Gregory G. Brooker, Acting United States Attorney for the District of Minnesota, and Melinda A. Williams, Laura M. Provinzino, and Julie E. Allyn, Assistant United States Attorneys, hereby moves this Court, pursuant to 18 U.S.C. § 3145, to deny the defendant's motion to reconsider detention, Doc. No. 354. The defendant was properly ordered detained in the Northern District of Illinois for her role as a house boss for an international sex trafficking organization. There is no new information, change in circumstances, or other "exceptional" reason justifying release.

1

# FACTUAL AND PROCEDURAL BACKGROUND

1. On May 24, 2017, defendant Thoucharin Ruttanamongkongul was arrested in Chicago, Illinois, during a nationwide takedown of an international sex trafficking and money laundering organization. The defendant has been indicted by a grand jury in *United States v. Michael Morris, et al.*, 17-cr-107 (DWF/TNL), and is charged with Conspiracy to Commit Sex Trafficking in violation of 18 U.S.C. § 1594 (Count 1); Conspiracy to Commit Transportation to Engage in Prostitution in violation of 18 U.S.C. §§ 371 and 2421 (Count 3); Conspiracy to Engage in Money Laundering in violation of 18 U.S.C. § 1956(h) (Count 4); and Conspiracy to Use a Communication Facility to Promote Prostitution in violation of 18 U.S.C. §§ 371 and 1952 (Count 5).[1] If convicted of the offenses after trial, the defendant faces an advisory sentence under the

---

[1] The instant indictment involves the same criminal sex trafficking organization that was the subject of the government's September 2016 seventeen-person indictment in *United States v. Sumalee Intarathong, et al.*, 16-cr-257 (DWF/TNL). The government would note that no member of the criminal sex trafficking organization operating at the house boss level like Ruttanamongkongul has been released pending trial.

U.S. Sentencing Guidelines of approximately 360 months – lifetime incarceration.[2]

2. U.S. Probation and Pretrial Services prepared a bond report in the Northern District of Illinois in advance of the detention hearing. Probation Officer Victor Alvarez recommended detention based on both the defendant's risk of non appearance and risk of danger to the community. This recommendation was based on (1) the nature of the offense charged; (2) the defendant's prior conviction for an alcohol-related offense – a DUI in 2009; (3) the defendant's short duration of employment history (less than two months at a sushi restaurant); (4) the defendant's lack of close, personal ties to the District; and, significantly, (5) the defendant is without authorization to live or work in the United States. In addition, the information provided in the bond report was unverified.

3. On May 30, 2017, following her arrest, the defendant was brought before a magistrate judge in the Northern District of Illinois for a detention hearing. After argument, the Honorable Susan E. Cox ordered Thoucharin Ruttanamongkongul detained:

---

[2] This estimated guidelines calculation is intended to assist the Court in determining the defendant's incentive to flee and is based on calculations for defendants in the *Intarathong* case facing the same charges.

> I think the government has proved, by at least a preponderance of the evidence, that she is a serious risk of flight, and that there is no condition or set of conditions that will assure her appearance at trial. There is every motive in the world to flee. Every motive. And indeed, so far as one can tell, every opportunity to flee.
>
> She leaves the courtroom today, supposedly in the custody of her – a friend, not even a relative, with, I take it, no bond, and what assures that she will go to Minnesota? I mean, absolutely nothing.
>
> As I have said repeatedly, all bond decisions, all of them, are exercises in prophect. I can't tell the future any more than anybody else here can. But you can predict, hopefully, that something will come to pass or not. And I did not have sufficient assurance that she will attend the proceedings in Minnesota.
>
> Whether or not she's a danger to the community, I'm not so sure. But I have no doubt at all that she is a serious risk of flight, and that no condition or set of conditions will assure her attendance at the proceedings in Minnesota.

Doc. No. 354 at 12-13.

## **LEGAL STANDARDS**

4. Title 18, United States Code, Section 3142(f) identifies when the Court must hold a detention hearing, which includes cases involving crimes of violence, felony offenses, and violations of 18 U.S.C. § 1591 (Sex Trafficking by Force, Fraud, and Coercion). Title 18, United States Code, Section 3142(g) specifies factors that the court shall consider in its analysis of whether any condition or combination of conditions would assure a defendant's appearance before the Court and the safety of the community, as follows:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a

violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2)   the weight of the evidence against the [defendant];

(3)   the history and characteristics of the [defendant], including—

   (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B)   whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

5.   Finally, the charge of conspiracy to commit sex trafficking by force, fraud, or coercion carries a rebuttable presumption that no condition or combination of conditions will reasonable assure the defendant's appearance as required or community safety. 18 U.S.C. § 3142(e)(3)(D). This is an important factor that was addressed to the magistrate in Chicago. Even if the

presumption is rebutted, it becomes an additional factor to weigh in favor of detention.

6.  Pretrial detention may be ordered either upon (1) a clear and convincing showing that release will result in a danger to the community, or (2) a showing by a preponderance of the evidence that release will result in a serious risk of flight. *See United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986). Such a showing was made by the Honorable Susan E. Cox in the Northern District of Illinios where Ruttanamongkongul was ordered detained based on risk of non-appearance.

7.  A magistrate judge's detention decision is subject to *de novo* review by the district court judge. *See United States v. Maull*, 773 F.2d 1479, 1485 (8th Cir. 1985). In its discretion, the district court may proceed to rehear the evidence to support detention presented to the magistrate judge and may consider additional evidence or arguments not raised previously. *Id.* at 1484. Here, Ruttanamongkongul offers no new information, change in circumstances, or other "exceptional" reason justifying release. As such, her motion should be respectfully denied.

# ARGUMENT

8. In this case, where the defendant is a "house boss" and money launderer for an international criminal sex trafficking organization that continues to operate throughout the United States and abroad, and where the defendant has no connection to the United States lawfully or otherwise and access to cash and every incentive to flee, the only condition that will assure the defendant's appearance and the safety of the community is the defendant's detention. As discussed in detail below, the 3142(g) factors weigh heavily in favor of the defendant's detention, particularly the nature and circumstances of the instant offense (detention factor 1) and the weight of the evidence against the defendant (detention factor 2).

9. Concerning the nature and circumstances of the offense, as set forth in the superseding indictment, the defendant is a member of a deeply entrenched and highly sophisticated sex trafficking and money laundering organization that has operated since at least 2009. While the Superseding Indictment does not set forth all of the facts known about Ruttanamongkongul's involvement in the organization, those facts have

become known through the investigation of the case and the related *United States v. Sumalee Intarathong*.[3]

10. Moreover, the defendant and other co-conspirators have access to cash, which demonstrates an ability to flee and the danger posed by the defendant to the community. While Ruttanamongkongul disclosed few assets to U.S. Probation and Pretrial Services, she drives a 2016 Mercedes Benz. Although the instant and prior indictments have dealt a significant blow, to be clear, this sex trafficking organization continues to operate in the United States. During and since the May 24, 2017 arrests, law enforcement seized significant amounts of cash, multiple weapons, including one from the defendant's husband, and recovered several victims from active houses of prostitution.

11. The government also notes that the defendant was born in Thailand and possesses a Thai passport. Notably, this Court is unable to control whether the Thai consulate were to issue a passport to Ruttanamongkongul. She is not present in the U.S. legally. She cannot legally

---

[3] Close to 250GB of discovery were disclosed consistent with the scheduling order in this case – August 9, 2017 – including a hard drive prepared and available for Ruttanamongkongul's counsel. In addition, defense counsel may request an opportunity to inspect any of the evidence seized, which is still being processed and reviewed.

work in the United States. Her husband died last year, and she has no other family in the United States. Under all of these circumstances, as Magistrate Cox noted, the defendant has every incentive—along with the means—to flee.

12. All parties agreed to the complex case designation and proposed scheduling order. Doc. No. 238. The government will comply with that schedule and has to date. Trial is scheduled to start in May 2018. Nothing about this case, including the location where any one defendant is detained pending trial, should factor in to this Court's determination on detention or release.

## **CONCLUSION**

In short, the defendant has offered no basis to disturb the recommendation of the reviewing Probation Officer and U.S. Magistrate in Northern District of Illinois. As a house boss and money launderer for a sophisticated international trafficking organization, Ruttanamongkongul should remain detained.

For all of the above reasons, the government respectfully requests that the Court deny the defendant's motion for reconsideration and release.

Dated: September 19, 2017

Respectfully Submitted,

GREGORY G. BROOKER
Acting United States Attorney

*s/Laura M. Provinzino*
BY: LAURA M. PROVINZINO
Assistant United States Attorney
Attorney ID No. 0329691

MELINDA A. WILLIAMS
Assistant United States Attorney
Attorney ID No. 491005DC