**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Case No.:  17-CR-107 (16) DWF/TNL**

_____

United States of America,

                Plaintiff,

v.

Thoucharin Ruttanamongkongul (16),

                Defendant.

_____

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISCLOSURE OF AND PRETRIAL HEARING ON ADMISSIBILITY OF STATEMENTS OF ALLEGED CO-CONSPIRATORS**

The defendant, Thoucharin Ruttanmongkongul, anticipates that the Government will attempt to introduce statements of alleged co-conspirators pursuant to Federal Rule of Evidence 801(d)(2)(E).  The defendant has contemporaneously moved the Court to hold a pretrial hearing to determine whether the government can meet its burden of proof to justify the admission of the statements and will now briefly set forth the relevant law.

<b><u>ARGUMENT</u></b>

The determination of the admissibility of co-conspirator's statement is governed by Rule 801(d)(2)(E) and Rule 104(a) of the Federal Rules of Evidence.  *See United States v. Reda*, 765 F.2d 715, 721 (8th Cir. 1985).  The former specifies that "a statement . . . made by the party's co-conspirator during and in furtherance of the conspiracy" is not hearsay.  Fed. R. Evid. 801(d)(2)(E).  Rules 104(a) reads, in part:

> **(a) In General.**  The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible.  In so deciding, the court is not bound by evidence rules, except those on privilege.
>
> **(b)  Relevance That Depends on a Fact.**  When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a

finding that the fact does exist.  The court may admit the proposed evidence on the condition that the proof be introduced later.

The Eighth Circuit "has approved the contingent admission of a co-conspirator's hearsay statement pending subsequent independent proof and ruling by the district court that all four elements necessary to establish a conspiracy have been shown."  *Reda*, 765 F.2d at 720 (citing *United States v. Bell*, 573 F.2d 1040, 1044 (8th Cir. 1978)).  The four elements, which must be determined by the court rather than a jury, include:  "(1) that a conspiracy existed, (2) that defendant and declarant were members of the conspiracy, (3) that the declaration was during the pendency of the conspiracy, and (4) that the declaration was in furtherance of the conspiracy." *Id.* (citing *Bell*, 573 F.2d at 1044).  Only if the government proves each element by a preponderance of the evidence may a statement of a co-conspirator be admitted into evidence. *Id.* (citing *Bell*, 573 F.2d at 1044).

However, discussing the **preferred** procedure to be followed when determining the admissibility of co-conspirator statements, the Eighth Circuit stated that "[i]t is preferable whenever possible that the government's independent proof of the conspiracy be introduced first, thereby avoiding the danger . . . of injecting the record with inadmissible hearsay in anticipation of proof of a conspiracy which never materializes."  *Reda*, 765 F.2d at 721 (quoting *United States v. Macklin*, 573 F.2d 1046, 1049, n.3 (8th Cir. 1978)).  The *Reda* court relied in part upon Chief Judge Weinstein, who explained that:

> In most cases the judge can determine from colloquy, documents marked in
> advance of trial, suppression hearings and one or two witnesses whether there
> is sufficient evidence to warrant admission of a co-conspirator's statement. . . .
> [T]o the extent possible, the admissibility of co-conspirators' statements
> should be discussed at the pre-trial conference, or if a trial, outside the hearing
> of the jury.  At times, the court will be able to make its determination on the
> basis of proffers or even on the opening or what it knows of the available
> proof from the pretrial or suppression hearings.

*Id.* at 722 n.2 (quoting *Weinstein's Evidence* ¶104[05], at 104-41, 104-52 (1982)).

In sum, when determining the admissibility of an alleged co-conspirator's statement under Federal Rule of Evidence 801(d)(2)(E), the Eighth Circuit has "made clear that the choice of the procedure to be followed [is] within the discretion of the district court." *Reda*, 765 F.2d at 722; *see also United States v. Darden*, 70 F.3d 1507, 1528 (8th Cir. 1995) (affirming discretion of district court).

In this case, in order to avoid tainting the jury with hearsay statements that are not properly admissible, the defendant seeks a pretrial hearing on the admissibility of any such statements the government seeks to offer.

MESHBESHER & SPENCE, LTD.

Dated: January 26, 2017                By: */s/ Daniel Guerrero*
                                            Daniel Guerrero, #206040
                                            1616 Park Avenue
                                            Minneapolis, MN  55404
                                            612-339-9121 (ph)
                                            612-339-9188 (fax)

                                            ATTORNEYS FOR DEFENDANT