UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 17-107-16 (DWF/TNL)

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

THOUCHARIN
RUTTANAMONGKONGUL,
a/k/a Ann,
a/k/a Noiy,

      Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS**

The United States of America, by and through its attorneys Gregory G. Brooker, United States Attorney for the District of Minnesota, and Melinda A. Williams, Laura M. Provinzino, and Julie E. Allyn, Assistant United States Attorneys, hereby submits the government's omnibus response to defendant Ruttanamongkongul's various pretrial motions. Based upon any reply filed by the defendant and any oral argument before the Court, the United States requests the opportunity to file supplemental briefing if necessary.

    **A.**    **Document #599 – Motion for Counsel's Participation in Voir Dire**

The government intends to submit questions for voir dire related to the sex trafficking conspiracy, money laundering conspiracy, and other counts charged in the Superseding Indictment, including questions relating to the

prospective jurors' knowledge of the case and their ability to be impartial. Recognizing that the voir dire process is almost, if not, exclusively judge-led in this District, the government will defer to the preference of the presiding judge as to how voir dire is conducted. Should any attorney-led voir dire be granted, and the government does not believe it is necessary, the government would request that it be the same for both sides.

**B.    Document # 600 – Motion for Disclosure of Impeaching Information**

The government understands its discovery obligations, including those under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The government has complied with, and will continue to comply with, those obligations, including the production of voluminous materials on separate hard drives pursuant to a protective order in August 2017 and December 2017. The government is preparing another round of disclosures and has accommodated defense counsel, including Ms. Ruttanamongkongul's counsel, with an early review of proffer reports and other Jencks materials.

The government objects to defendant's motion to the extent that the request goes beyond the requirements of *Brady*, *Giglio*, and their progeny and the Federal Rules of Criminal Procedure.

C. **Documents # 601 and # 602 – Motion for Disclosure of Post-Conspiracy Statements of Co-Defendants**

Ruttanamongkongul moves for an order requiring the United States to notice and disclose statements or confessions of co-defendants and unindicted co-conspirators it intends to use at trial, and the defendant seeks leave to file motions based on the United States' response. The United States objects to this motion as vague and to the extent that it seeks information beyond the scope of the applicable discovery rules and case law.

The United States also objects to this request to the extent it imposes upon the United States any affirmative duty other than may be imposed by *Bruton v. United States*, 391 U.S. 123, 135–36 (1968), and its progeny. Any statements made by co-conspirators are exactly that—statements. Accordingly, they are only discoverable should they contain Jencks or *Brady* material, but they are not discoverable under Rule 16.

The Eighth Circuit has consistently rejected the argument that defendants are permitted to obtain discovery of government witnesses' or co-conspirators' statements. "Rule 16 of the Federal Rules of Criminal Procedure does not authorize the discovery or inspection of statements made by government witnesses. Furthermore, 18 U.S.C. § 3500, known as the Jencks Act, further excepts this material from discovery." *United States v. Collins*, 652 F.2d 735, 738 (8th Cir. 1981). *See United States v. Manthei*, 979 F.2d 124,

126 (8th Cir. 1992) (holding that co-conspirator statements are not discoverable under Rule 16); *United States v. Hoelscher*, 914 F.2d 1527, 1535 (8th Cir. 1990) (same); *see also United States v. Vitale*, 728 F.2d 1090, 1094 (8th Cir. 1984) (statements made by the defendant to third parties are not discoverable under Rule 16).

The United States has disclosed and will continue to disclose any material that is subject to *Brady*. Moreover, the United States will be required to resolve any *Bruton* issues if and when they arise in the course of the proceedings. Additionally, the United States has and may continue to voluntarily provide information that goes beyond the scope of *Brady,* Rule 16, *Giglio, Bruton,* and Jencks. For instance, in this context, the United States has already disclosed some statements of co-defendants by making them available for defense counsel's review. However, the government would object to any Court-ordered production of these materials and the defendant's motion for blanket disclosure of co-defendant/co-conspirator statements should be denied.

### D. Document # 603 – Motion for Disclosure of Jencks Act Material

The United States objects to the defendant's motion for early disclosure of Jencks evidence in advance of trial. While the government has already disclosed numerous Jencks statements and will likely choose to continue to

disclose Jencks materials well in advance of trial, the government objects to any Court-ordered disclosure of "early" Jencks evidence. It has been repeatedly and consistently held in this Circuit and District that the United States may not be required to make pretrial disclosure of Jencks material. *Finn v. United States*, 919 F. Supp. 1305, 1315 (D. Minn. 1995); *see also United States v. Ben M. Hogan Co.*, 769 F.2d 1293, 1300 (8th Cir. 1985); *United States v. White*, 750 F.2d 726 (8th Cir. 1984). Accordingly, the government objects to any court-ordered disclosure of such statements prior to the witnesses' testimony.

As this Court knows, in this District, the U.S. Attorney's Office, including the undersigned attorneys, have long had a policy of voluntarily disclosing Jencks Act material at least three calendar days before trial—often much earlier. The government also typically discloses interview memorandum and other agent reports as part of its Jencks Act disclosures, even though Eighth Circuit law makes clear that such materials are generally not considered Jencks Act material. It is in the government's interest to provide such early and broad disclosures. In fact, in this case, which has been designated complex, the government has already disclosed substantial Jencks Act materials and intends to disclose the remaining Jencks materials at least two weeks before trial, pending to a reciprocal agreement to do so by the

defendant and her co-defendants. But the government objects to any such Court-ordered disclosures and defendant's motion should be denied insofar as it go beyond what the law requires.

> E. **Document # 604 – Motion for Discovery of Expert Under Rule 16(A)(1)(G)**

The defendant moves the Court for a written summary of testimony of any expert witness the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence and/or Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. The United States is aware of its obligations under Rule 16(a)(1)(G) and will comply fully with the requirements of that rule.[1] The only issue on this matter to be determined by the Court is the timing of such disclosures.

There is no specific timing requirement included in Rule 16(a)(1)(G). Fed. R. Crim. P. 16 advisory committee's note, 1993 Amendments. With respect to the issue of timing, the advisory committee's notes provide that "although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion." *Id.*

---

[1] At this point, the United States has not yet determined which expert witnesses it will call at trial but anticipates experts in the forensic examination of computer and other digital media, the country conditions in Thailand, and international sex trafficking and the commercial sex industry in Thailand and the United States.

The United States respectfully requests that the Court order that all expert disclosures be made no later than two weeks before trial. *See United States v. Finn*, 919 F. Supp. 1305, 1316 n.7 (D. Minn. 1995) (ordering government to make Rule 16(a)(1)(E) disclosures as opinions become available and no later than seven days before trial). Such a timing requirement allows the parties sufficient notice of the expected testimony and time to prepare a focused cross-examination of the expert. *See* Fed. R. Crim. P. 16 advisory committee's note, 1993 Amendments.

### F.   Documents # 605 and # 606 – Motions for Disclosure of 404(b)/Bad Act Evidence

The defendant moves for the disclosure of any prior "bad act" or "similar course of conduct" evidence which the United States intends to offer at trial. The government is aware of its obligations under Rule 404(b) and intends to comply with those obligations. The government agrees with defendant's request in the motion and proposes to notify the defendant of Rule 404(b) evidence it intends to use and the witnesses through whom such evidence would be presented at least fourteen days before trial. The government requests, however, that any order be strictly drawn to require no more than what is encompassed by Rule 404(b). *See, e.g., United States v. Adediran*, 26 F.3d 61, 63 (8th Cir. 1994) (standards applicable to evidence considered under Rule 404(b) do not apply to such "inextricably intertwined" evidence).

### G.     **Document #607 – Motion for Disclosure of Government Witnesses**

The defendant has moved the Court for an order requiring the disclosure of a list of all persons and their addresses whom the government intends to as witnesses at trial. This motion is premature and also may impact informant privilege.

The United States asserts the informant privilege as to any and all informants used in connection with this investigation. In *Roviaro v. United States*, 353 U.S. 53 (1957), the Supreme Court addressed the so-called "informant privilege." "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id.* at 59. The privilege is not absolute and there is no litmus test for determining when disclosure is required. *United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003). The most important factor for a court to consider is whether the informant's information is material to the defense. *Id.* at 764.

In order to overcome the Government's privilege, a defendant must establish beyond "mere speculation" that the informant's testimony would be material to the determination of the case. *United States v. Harrington*, 951

F.2d 876, 877 (8th Cir. 1991). To establish materiality, the burden is on a defendant to show that there is a reasonable probability that, if the evidence were disclosed to the defense, the result of the proceeding would be different. *Id*. at 878. Here, the defendant has not met this burden and the government would object to any Court-ordered disclosure of informant information.[2]

### H. Document # 608 – Motion to Retain and Not Destroy Notes, Photographs, Memoranda, and/or Other Items Relating To This Case

The United States does not object to requiring law enforcement officials involved in the investigation of this case to retain and preserve their rough notes and other evidence created as part of the investigation.

Although the defendant is not currently requesting the disclosure of such rough notes, the United States would object to any order concerning the disclosure of rough notes. Rough notes are not considered statements within the meaning of the Jencks Act, 18 U.S.C. § 3500. *United States v. Redding*, 16 F.3d 298, 301 (8th Cir. 1994) (concluding rough notes are not a statement of a witness as there was no evidence witness signed, adopted or approved of notes);

---

[2] Of course, to the extent that any informant will be called as a witness at trial, as with any other witnesses, the United States will provide Jencks Act and *Giglio* material as required by law and, as discussed above, will likely provide such materials in advance of trial, pending a reciprocal agreement with the defense.

*United States v. Shyres*, 898 F.2d 647, 657 (8th Cir. 1990) (defendant not entitled to discover government agents' general notes from witness interviews). Nor are agent rough notes generally discoverable as "statements" of the agent. *See United States v. Simtab*, 901 F.2d 799, 808–09 (8th Cir. 1990) (defendant not entitled to discover rough notes of investigations as Jencks Act material when notes merely represented pieces of information put in writing to refresh memory); *United States v. Williams*, 875 F.2d 846, 853 (11th Cir. 1989) (defendant not entitled to discover agents' personal notes, contact sheets, witness lists, summaries of non-testifying witnesses' statements when bulk of material not relevant to subject matter of agents' testimony).

I. **Document # 609 – Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant**

Similar to the response to the defendant's motion for the disclosure of impeaching information (Doc. No. 600), the government understands its discovery obligations, including those under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The government has complied with, and will continue to comply with, those obligations, including the production of materials pursuant to a protective order on separate hard drives in August 2017 and December 2017. The government is preparing another round of disclosures and has accommodated

defense counsel, including Ruttanamongkongul's counsel, with an early review of proffer reports and other Jencks materials in its office.  Closer to trial, the government intends to disclose all proffer and Jencks materials, including reports and recorded testimony along with any cooperation agreements and other benefits consistent with its obligations under *Brady*, *Giglio*, and their progeny.  The government objects to defendant's motion to the extent that it goes beyond the requirements of *Brady*, *Giglio*, and their progeny and the Federal Rules of Criminal Procedure.

### J.   Document #610 – Motion for Leave to Adopt Motions Filed By Co-Defendants

The defendant generically moves to adopt and join all of her co-defendants' motions.  This motion should be denied for lack of specificity.  If the defendant believes that a particular motion filed by a co-defendant is applicable to the law and facts of her case, then she should file her own motion articulating the precise factual and legal basis for her motion.

Dated: March 5, 2018                                                      Respectfully Submitted,

GREGORY G. BROOKER
United States Attorney

*s/ Melinda A. Williams*
BY: MELINDA A. WILLIAMS
LAURA M. PROVINZINO
JULIE E. ALLYN
Assistant United States Attorneys
Attorney ID No. 491005DC