UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 17-107(16) (DWF) |
| Respondent-Plaintiff, | Civil No. 23-2040 (DWF) |
| v. | MEMORANDUM |
| Thoucharin Ruttanamongkongul, | OPINION AND ORDER |
| Petitioner-Defendant. | |

**INTRODUCTION**

This matter is before the Court on Defendant Thoucharin Ruttanamongkongul's *pro se* motion to vacate her sentence under 28 U.S.C. § 2255.  (Doc. No. 2308.)  The United States of America (the "Government") opposes the motion.  (Doc. No. 2352.)  For the reasons outlined below, the Court denies Ruttanamongkongul's motion.

**BACKGROUND**

Ruttanamongkongul was indicted for conspiracy to commit sex trafficking, conspiracy to commit transportation to engage in prostitution, conspiracy to engage in money laundering, and conspiracy to use a communication facility to promote prostitution.  (Doc. No. 830.)  Numerous other defendants were similarly prosecuted for their participation in the large sex-trafficking conspiracy.  Following trial, a jury found Ruttanamongkongul guilty of all four counts.  (Doc. No. 1000.)  The Court sentenced Ruttanamongkongul to 142 months in prison and 5 years of supervised release.  (Doc. No. 1464.)  The Court additionally ordered $400,000 in restitution.  (*Id.*)

Ruttanamongkongul appealed her conviction, challenging the sufficiency of evidence to support her conviction. *United States v. Unpradit*, 35 F.4th 615, 625 (8th Cir. 2022). She further argued that this Court should have applied a based offense level of 14, and not 34. *Id.* at 628-29. The Eighth Circuit affirmed her conviction. *Id.* at 633.

Ruttanamongkongul now brings a motion under § 2255, arguing that her sentence should be vacated, set aside, or corrected because her trial and appellate counsel were ineffective. (Doc. No. 2308.) The Government opposes the motion. (Doc. No. 2352.)

## DISCUSSION

**I.  Section 2255 Legal Standard**

Title 28, United States Code, Section 2255, provides that a prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence." In making such a motion, a § 2255 action requires a prisoner to show that she has the right to be released because:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a).

It must be kept in mind that a § 2255 request for relief is extraordinary and "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

## II. Ineffective Assistance of Counsel

The United States Constitution guarantees that the accused "shall enjoy the right . . . to have the Assistance of Counsel" in criminal prosecutions. U.S. Const. amend. VI. To prevail on a claim for ineffective assistance of counsel under § 2255, however, a defendant must overcome a "heavy burden." *Apfel*, 97 F.3d at 1076. To overcome that burden, a defendant must first "show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The defendant must show that the errors were not the result of "reasonable professional judgment." *Id.* at 690. There is a strong presumption "that counsel . . . rendered adequate assistance." *Id.* Second, the defendant must establish that the deficient performance actually prejudiced the defense. *Id.* at 694. A defendant must prove with "a probability sufficient to undermine confidence in the outcome" that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

Ruttanamongkongul offers three grounds for her ineffective assistance of counsel claim: (1) her trial counsel failed to properly advise her about a plea agreement; (2) her trial counsel made mistakes at trial; and (3) her appellate counsel failed to assert certain issues on appeal or make an oral argument. The Court addresses each argument in turn below.

A. **Plea Agreement**

Ruttanamongkongul asserts that she rejected multiple plea offers because of deficient advice from her trial counsel. Specifically, she alleges that her counsel told her that the base offense level "should only be 14[,] not 34" and improperly relied on a Ninth Circuit case in support of that assertion. (Doc. No. 2308 at 4-5.) Her counsel also advised Ruttanamongkongul that if she pled guilty, she would be deported, but stated that she could potentially avoid deportation if she went to trial and was acquitted or had the most serious charges dropped. Her counsel also advised Ruttanamongkongul that "she had to waive her right[] to appeal under the plea agreement." (*Id.* at 6.)

Ruttanamongkongul fails to explain how her counsel's advice was deficient. Significantly, Ruttanamongkongul does not dispute that she would have been subject to deportation had she pled guilty or that she would have given up her right to appeal. Instead, she asserts that counsel should have "attempt[ed] to negotiate a plea agreement that did not have immigration consequences." (Doc. No. 2361 at 3.) There is no reason to believe that Ruttanamongkongul's counsel could have negotiated a better plea deal. Ruttanamongkongul's assertion is merely speculative. *Simpson v. United States*, No. 11-cv-2058, 2013 WL 1490462, at *11 (E.D. Mo. Apr. 11, 2013) (dismissing the defendant's inefficient assistance of counsel claim when "[n]othing in the record show[ed] that the representation provided to [the defendant] during plea negotiations was deficient or that a better result could have been obtained").

Additionally, Ruttanamongkongul's counsel argued at sentencing and on appeal that her base offense level should be 14 and not 34 and ultimately lost on that issue;

4

however, that does not mean that counsel's performance was "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. In fact, case law supported her counsel's argument. Her counsel relied on a Ninth Circuit case, *United States v. Wei Lin*, 841 F.3d 823 (9th Cir. 2016). At the time Ruttanamongkongul was considering plea deals, this was still a viable argument. It was not until May 2020, that the Eighth Circuit declined to follow *Wei Lin*. *United States v. Carter*, 960 F.3d 1007, 1014 (8th Cir. 2020) ("We do not believe *Wei Lin* should govern our decision here.").

Ruttanamongkongul also fails to establish prejudice. Ruttanamongkongul admits that "deportation was the determinative factor" for her. (Doc. No. 2308 at 5-6.) She stated that she decided "to risk additional prison time in exchange for holding on to some chance of avoiding deportation and a chance to appeal." (*Id.* at 6.) Thus, it does not appear that Ruttanamongkongul would have accepted any plea agreement that subjected her to deportation or required her to waive her right to appeal. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995) ("To establish prejudice . . . the movant must show that, but for his counsel's advice, he would have accepted the plea.").

      **B.    Trial**

Ruttanamongkongul also alleges that she was improperly advised to have a joint trial. She alleges that she "does not believe that the jury could be able to intelligently and thoroughly deliberate over the enormous volume of evidence [presented] at trial" and asserts that "[t]he jury's ability to recall information accurately is questionable." (Doc. No. 2308 at 8-9.)

"Persons charged with a conspiracy will generally be tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts . . . . Rarely, if ever, will it be improper for co-conspirators to be tried together." *United States v. Kime*, 99 F.3d 870, 880 (8th Cir. 1996) (internal quotations and citation omitted). There is no evidence that the Court would have granted a motion for severance even if Ruttanamongkongul's counsel had made such a motion. Moreover, Ruttanamongkongul's claim that there was too much evidence for the jury to properly weigh is entirely speculative.

Additionally, Ruttanamongkongul alleges that her counsel failed to interview or investigate government witnesses. She further claims that her counsel failed to call a witness that would have helped her defense, failed to object to testimony by "Noon," and alleges that the defense expert was untruthful.

Ruttanamongkongul has not demonstrated that "but for counsel's errors, the result of the proceeding would have been different." *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). For example, Ruttanamongkongul does not explain what specifically she believes her trial counsel missed due to his alleged failure to investigate and how this failure impacted the result of the trial or sentencing. And while Ruttanamongkongul concludes that calling an additional witness would have helped her defense and contradicted the testimony of "Noon," the Eighth Circuit has "consistently . . . affirmed that a defense counsel's decision not to call a witness is a virtually unchallengeable decision of trial strategy." *Jackson v. United States*, 956 F.3d 1001, 1007 (8th Cir. 2020) (internal quotations and citation omitted); *see also Link v. Luebbers*,

469 F.3d 1197, 1204 (8th Cir. 2006) (concluding that strategic decisions are "virtually unchallengeable unless they are based on deficient investigation").

Ruttanamongkongul also asserts that she would have liked to have testified at trial. She appears to assert that her counsel improperly convinced her not to testify. As noted above, a "defense counsel's decision not to call a witness is a virtually unchallengeable decision of trial strategy." *Jackson*, 956 F.3d at 1007 (internal quotations and citation omitted). Thus, while Ruttanamongkongul's counsel may have discouraged her from testifying, that does not amount to deficient conduct. Additionally, Ruttanamongkongul alleges that she did not understand her right to testify. This assertion is contradicted by the record. During trial, the Court discussed with Ruttanamongkongul her right to testify, and she chose to waive that right. (*See* Doc. No. 1040 at 247.) Accordingly, Ruttanamongkongul has failed to demonstrate that her counsel rendered ineffective assistance when he advised her not to testify at trial.

**C.     Appeal**

Ruttanamongkongul argues that her appellate counsel failed to challenge the sentence disparity between her and co-defendants on appeal. "Counsel is not required to raise every potential issue on appeal. Indeed, the Supreme Court has recognized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Anderson v. United States*, 393 F.3d 749, 754 (8th Cir. 2005) (internal quotations and citation omitted). Thus, "[a]bsent contrary evidence," the Court assumes that appellate counsel's decision to narrow the

7

focus on key issues is "sound appellate strategy." *Id.* (internal quotations and citation omitted).

In this case, Ruttanamongkongul asserts that her role in the conspiracy was the same as her co-defendant, Thinram, yet Thinram received a lower sentence. She further asserts that unlike her co-defendant, Wanless, she "never owned any working women and never mistreated any working women," yet she received a sentenced comparable to Wanless. (Doc. No. 2308 at 21.) All of this information was available to the Court at sentencing and there is no evidence that the Court did not individually consider Ruttanamongkongul's role in the conspiracy when calculating her sentence. The Court noted at the sentencing hearing that Ruttanamongkongul "didn't mistreat anybody" and "w[as] kind" to the women. (Doc. No. 1553 at 57.) The Court also acknowledged that Ruttanamongkongul "left the organization before [she] was arrested" and "tried to come forward." (*Id.* at 59.) The Court weighed this information with the fact that Ruttanamongkongul's "actions allowed this organization to continue to victimize women and make incredible profits." (*Id.* at 57.)

Overall, Ruttanamongkongul has failed to explain why her appellate counsel's failure to raise the sentence-disparity issue on appeal was unreasonable or demonstrated that the Eighth Circuit would have vacated her sentenced had the issue been raised.

Lastly, Ruttanamongkongul asserts that her appellate counsel was ineffective for failing to make an oral argument on appeal. Again, Ruttanamongkongul fails to establish prejudice. In other words, Ruttanamongkongul has not demonstrated that but for her

appellate counsel's failure to make an oral argument, the outcome of her appeal would have been different.

### III. No Evidentiary Hearing Required

There is no reason for the Court to further explore any credibility issues with respect to Ruttanamongkongul's claims. A § 2255 motion can be dismissed without a hearing if: (1) the defendant's allegations, if accepted as true, would not entitle her to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). All of Ruttanamongkongul's allegations are either contradicted by the record, inherently incredible, conclusions, or, even if accepted as true, would not entitle her to relief.

## CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court has considered whether issuance of a COA is appropriate and concludes that no issue is raised "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). Moreover, Ruttanamongkongul has not made a substantial showing of the denial of a constitutional right. Thus, the Court will not issue a COA.

## CONCLUSION

For the reasons set forth above, the Court denies Ruttanamongkongul's motion to vacate the judgment.

## ORDER

Based upon the record before the Court, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1. Petitioner-Defendant Ruttanamongkongul's *pro se* motion to vacate under 28 U.S.C. § 2255 (Doc. No. [2308]) is respectfully **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No Certificate of Appealability will be issued to Petitioner-Defendant Ruttanamongkongul.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  November 8, 2023                s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge