**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,                          Criminal No. 17-107(16) (DWF/TNL)

      Plaintiff,

v.                                                                         **MEMORANDUM**
                                                                            **OPINION AND ORDER**

Thoucharin Ruttanamongkongul,

      Defendant.

## INTRODUCTION

This matter is before the Court on Defendant Thoucharin Ruttanamongkongul's

*pro se* motion for compassionate release.  (Doc. No. 2515.)  The United States of

America (the "Government") opposes the motion.  (Doc. No. 2550.)  For the reasons set

forth below, the Court respectfully denies the motion.

## BACKGROUND

A jury found Ruttanamongkongul guilty of conspiracy to commit sex trafficking,

conspiracy to commit transportation to engage in prostitution, conspiracy to engage in

money laundering, and conspiracy to use a communication facility to promote

prostitution on December 12, 2018.  (Doc. No. 1000.)  On October 8, 2019, the Court

sentenced Ruttanamongkongul to a 142-month prison term to be followed by a five-year

term of supervised release.  (Doc. No. 1464.)  Ruttanamongkongul is currently

incarcerated at FCI Aliceville, with an anticipated release date of June 24, 2027.  Bureau

of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc (last visited July 15, 2026).

Ruttanamongkongul previously moved for compassionate release based on COVID-19, the impact of COVID-19 on prison conditions, and the length of her sentence. (Doc. No. 2199.) The Court denied her motion, finding that Ruttanamongkongul was not personally at increased risk of severe medical complications or death due to COVID-19, that her conditions-of-confinement claims should be presented as civil claims in the Northern District of Alabama, and that it could not review her sentencing claims because her appeal on the same grounds was pending before the Eighth Circuit at the time. (Doc. No. 2235.) The Eighth Circuit later affirmed the Court's sentencing decision. *See United States v. Unpradit*, 35 F.4th 615 (8th Cir. 2022). Ruttanamongkongul has filed multiple other challenges to her sentence, including a motion to vacate under 28 U.S.C. § 2255 before this Court, (Doc. No. 2308), and a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Northern District of Alabama, *Ruttanamongkongul v. Warden, FCI Aliceville*, No. 24-cv-1506, 2025 WL 4649341 (N.D. Ala. Dec. 2, 2025). Ruttanamongkongul now moves for compassionate release based on the impact of the COVID-19 pandemic on prison conditions, her mental health, her rehabilitation efforts, her ineligibility for First Step Act credits, and the length of her sentence. (Doc. No. 2515.)

### DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). These reasons include: (1) medical circumstances; (2) age-related deterioration; (3) family circumstances; (4) physical or sexual abuse while

in custody; (5) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories; and (6) an unusually long sentence.[1]  U.S.S.G. § 1B1.13(b).

If "extraordinary and compelling reasons" exist, a sentencing reduction is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement." *Id.* § 1B1.13(a).  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  As the movant, the defendant bears the burden to establish that they are eligible for compassionate release.  *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

A defendant may move for a sentencing reduction only after complying with an exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A).  Specifically, a defendant may move for a sentencing reduction only "after [(1)] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [(2)] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *Id.*  As a mandatory claim-processing rule, this requirement "must be enforced so long as the opposing party

---

[1]    The Supreme Court recently invalidated the "unusually long sentence" category to the extent that it counsels courts to consider a nonretroactive change to a statute as an extraordinary and compelling reason, whether by itself or in combination with other factors. *See Rutherford v. United States*, 146 S. Ct. 1320, 1335 (2026).

properly raises it." *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021).  If a defendant fails to meet the exhaustion requirement and the Government properly raises the exhaustion issue, the Court must dismiss the motion without prejudice.  *Id.* Additionally, compassionate release requests are claim-specific, so the administrative remedies for each claim must be exhausted before that claim can be brought before a court.  *See, e.g.*, *United States v. Mendoza*, No. 10-cr-313(1), 2020 WL 4018222, at *5 (D. Minn. July 16, 2020).

Ruttanamongkongul did not show that she submitted a compassionate release request to her warden.  The Government does not object to Ruttanamongkongul's claims about prison conditions due to COVID-19 or her sentence because those are "essentially identical to her 2021 claims."  (Doc. No. 2550 at 6.)  It only objects to her other claims. (*Id.*)  Therefore, the Court finds Ruttanamongkongul's challenges to the conditions at FCI Aliceville due to COVID-19 and her sentence are ripe for review but dismisses her other claims without prejudice for failure to exhaust administrative remedies.

Turning to the merits of the two remaining grounds, neither constitutes an extraordinary and compelling reason.  First, the impact of the COVID-19 pandemic on prison conditions is not an extraordinary and compelling reason.  Under the Policy Statement, an outbreak of infectious disease or ongoing public health emergency, like COVID-19, can qualify as an extraordinary and compelling reason if:

> (i)  the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii)  due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii)  such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1)(D).  Ruttanamongkongul has not shown that FCI Aliceville is currently affected by COVID-19 or at imminent risk of being affected by COVID-19. Additionally, she does not have personal health risk factors that would put her at increased risk of suffering severe medical complications or death.  Furthermore, poor prison conditions alone do not justify compassionate release but may give rise to other legal remedies.  (Doc. No. 2235 at 1 n.1; *see United States v. Roberts*, No. 12-cr-196, 2024 WL 4729084, at *2 (D. Minn. Nov. 8, 2024).)

Second, Ruttanamongkongul's sentence is not an extraordinary and compelling reason.  Challenges to a defendant's sentence should be brought under 28 U.S.C. § 2255. *United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020); *cf. Fernandez v. United States*, 146 S. Ct. 1292, 1300-04, 1307 (2026) (holding that a defendant cannot challenge the validity of their conviction under 18 U.S.C. § 3582(c)(1)(A)).  The Eighth Circuit did not grant Ruttanamongkongul permission to file a second or successive § 2255 motion.  *See* 28 U.S.C. § 2255(h).  Moreover, Ruttanamongkongul did not receive an unusually long sentence.  The Court sentenced her well below the applicable guidelines range and the Eighth Circuit has affirmed the Court's calculation of that range.  *Unpradit*, 35 F.4th at 628-29.  She also argues that the sentencing disparity between her sentence and her co-defendants' sentences is an extraordinary and compelling reason.  A sentencing disparity

5

between co-defendants is not a basis for compassionate release. *See, e.g.*, *United States v. Hoskins*, 735 F. Supp. 3d 1078, 1084 (S.D. Iowa 2024).

Because the Court concludes that Ruttanamongkongul has failed to show extraordinary and compelling circumstances that warrant compassionate release, the Court need not address the § 3553(a) sentencing factors or whether Ruttanamongkongul poses a danger to the community.

Lastly, Ruttanamongkongul asked the Court to appoint counsel to represent her in this proceeding. (Doc. No. 2515 at 1.) There is no constitutional or statutory right to counsel in postconviction proceedings seeking a sentence reduction. *See Garza v. Idaho*, 586 U.S. 232, 245-46 (2019); *United States v. Meeks*, 971 F.3d 830, 833-34 (8th Cir. 2020). Whether to appoint counsel is left to the discretion of the Court. *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009). Ruttanamongkongul has not demonstrated that appointing counsel is warranted, so the Court denies her request.

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that Defendant Thoucharin Ruttanamongkongul's motion for compassionate release from custody (Doc. No. [2515]) is respectfully **DENIED**.

Dated:  July 17, 2026          s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge

6